

# NUMBERS
## 13-11-00724-CV
## 13-11-00725-CV
## 13-11-00739-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LOYA INSURANCE COMPANY, ET AL.

## On Petitions for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion Per Curiam[1]

By three petitions for writ of mandamus, relators contended that the trial court erred in appointing special masters to handle discovery in separate lawsuits involving insurance disputes. As discussed more specifically herein, we dismiss these proceedings as moot.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

This consolidated original proceeding arises from three separate causes. On November 17, 2011, relators, Loya Insurance Company, AIS Claim Services, Inc., Reuben Quintero, Rick Trevino, Efrain Chavez, Maribel Gomez, Scott Hermosa, Jonathan Arrambide, Maritza Matthews, and Pablo De La Cruz filed a petition for writ of mandamus in appellate cause number 13-11-00724-CV, arising from trial court cause number 2010-DCL-3780-A in the 107th District Court of Cameron County, Texas.

That same day, relators, Loya Insurance Company, IAS Claim Services, Inc., Rick Trevino, Hector Martinez, Reuben Quintero, Steven Perry, Martiza Matthews, Elaine Francis, and Kimberly Ford filed a petition for writ of mandamus in appellate cause number 13-11-00725-CV, arising from trial court cause number 2010-DCL-3766-A in the 107th District Court of Cameron County, Texas.

On November 21, 2011, relators, Loya Insurance Company, IAS Claim Services, Inc., Guadalupe Boyette, Rick Trevino, Maribel Gomez, Scott Hermosa, Jonathan Arrambide, Maritza Matthews, Pablo De La Cruz, and Stephen Bowers filed a petition for writ of mandamus in appellate cause number 13-11-00739-CV, arising from trial court cause number 2010-DCL-4249 in the 357th District Court of Cameron County.

By order issued on November 23, 2012, the Court consolidated these three causes for the purposes of further briefing, oral argument, if any, and consideration of the issues herein. The Court further requested that the real parties in interest, Felix Ortiz and Maria Ortiz in cause number 13-11-00724-CV, Angie Rivera in cause number 13-11-00725-CV, and Maria Martinez in cause number 13-11-00739-CV, by and through counsel, file a response to the consolidated petitions for writ of mandamus. Finally, the Court granted the "Emergency Motion to Stay Orders Appointing a Special

2

Master" that had been filed in these causes, and ordered the April 11, 2011, June 30, 2011, and July 16, 2011 orders appointing a special master to be stayed pending further order of this Court, or until the cases are finally decided.

The Court has now received and reviewed the response to the petitions for writ of mandamus. According to the response, the real parties in interest had filed separate unopposed motions to vacate the orders subject to these original proceedings, and the trial court had, on January 23, 2012, granted those motions and vacated the orders subject to review herein. The real parties in interest thus contend that these original proceedings have been rendered moot. By subsequent correspondence to the Court, the relators have stated that "[i]n light of the trial courts' actions, [r]elators have no objection to the dismissal of the three [p]etitions as moot."

The Court, having examined and fully considered the petitions for writ of mandamus, the response thereto, and relators' reply, is of the opinion that these matters have been rendered moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . ."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court LIFTS the stays previously imposed by this Court and DISMISSES the petitions for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

PER CURIAM

Delivered and filed the
1st day of February, 2012.

3